# THE LAW OFFICE OF
# ELISA HYMAN, P.C.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/26/2025

February 24, 2025

*BY ECF*
The Honorable Katherine H. Parker
U.S. District Court
500 Pearl Street, Room 750
New York, NY 10007

> The summary judgment briefing schedule is extended as follows: Plaintiff shall file a motion for summary judgment on fees by **May 27, 2025**; opposition due 30 days thereafter; reply due 14 days thereafter. As previously ordered, the parties shall file a status letter with the Court by **March 17, 2025**, updating the Court on the status of settlement.

Re: *M.T., et al., v. New York City Department of Education*
    24-CV-4238 (JLR)(KHP)

**SO ORDERED:**
/s/ Katharine H. Parker   2/26/2025
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

Dear Judge Parker:

I represent the Plaintiffs in the above-referenced case, and I write jointly on behalf of both parties.

On February 3, 2025, the parties advised Your Honor that we had reached a settlement in principle relative to the substantive relief for the student in the above case, and Plaintiffs had submitted their attorney's fees records to Defendants who were proceeding with the review of fee records as per their settlement process. ECF No. 30. The Court endorsed the parties' proposal for us to submit a status letter updating the Court on settlement by March 17, 2025. ECF No. 31.

However, in the February 3, 2025 letter, the parties inadvertently failed to expressly request an order for an *sine die* extension of deadlines for the parties to file for summary judgment which the Court had previously ordered and extended (ECF Nos. 22 and 24)

Further, given that the claims raised in the recently First Amended Complaint (ECF No. 26) are not limited to attorney's fees, and includes claims beyond the IDEA (including claims under Section 504 of the Rehabilitation Act and Section 1983), if this case does not settle, Plaintiffs would be seeking discovery prior to any motion practice for summary judgment (which Defendants would oppose). However, as the parties have reached a settlement in principle on all issues except for fees, and since my office has never had to engage in motion practice over attorney's fees in any case we have brought in Court, we are extremely confident that we will be able to settle the fee claims once Defendants obtain approval to make an offer and we will not have to engage in this dispute.

Given the history and the fact that the First Amended Complaint post-dated the Court's orders on summary judgment, we presumed that the prior deadlines for the motion were effectively postponed but just in case they were not, we are respectfully requesting that they be adjourned *sine die* for the parties to try to complete settlement.

Thank you for Your Honor's consideration of the above request.

                    Sincerely,

                    */s/ Elisa Hyman*

                    _____

                    Elisa Hyman, P.C.

Cc: *Counsel of Record for Defendants*